## GRUNLEY CONSTRUCTION CO., INC., Appellant,

v.

## CONWAY CORPORATION, Appellee.

### No. 94–CV–1648.

District of Columbia Court of Appeals.

Argued Nov. 6, 1995.

Decided June 6, 1996.

Christopher R. Costabile, Fairfax, VA, for appellant.

Samuel J. Smith, Jr., for appellee. William J. Murphy, filed a brief for appellee.

Before FERREN, SCHWELB and REID, Associate Judges.

SCHWELB, Associate Judge:

This is a dispute between a contractor, Grunley Construction Company, Inc., and a subcontractor, Conway Corporation, over the proper interpretation of an indemnification agreement in the subcontract. The trial judge denied Grunley's motion for summary judgment, and granted Conway's motion for summary judgment, on the ground that the agreement does not require Conway to indemnify Grunley for Grunley's own negligence or concurrent negligence. On appeal, Grunley argues that the subcontract unambiguously confers a right to indemnification regardless of Grunley's own negligence. We reverse.

I.

This case began with a construction site accident which occurred during the renovation of an apartment complex in Washington, D.C.[1] The District of Columbia, which owned the complex, selected Grunley as the general contractor, and Grunley subcontracted the roofing work to Conway. On May 8, 1990, George Johnson, who was employed by Conway, was climbing an iron ladder on the roof of a penthouse at the complex. The bolts attaching the ladder to the wall came loose. Mr. Johnson fell approximately twelve feet, and he sustained serious injuries.

On March 10, 1993, Mr. Johnson filed a civil action against the District of Columbia and Grunley,[2] alleging, *inter alia*, that Grunley failed to provide a safe work environment. On April 26, 1993, Grunley filed a third-party complaint against Conway for in-

---

1. The facts relevant to this appeal, which are apparently undisputed, are taken from the plaintiff's complaint.

2. Mr. Johnson was precluded from bringing a tort action against Conway because Conway enjoys workers' compensation immunity. *See* D.C.Code § 36–304(a) (1993).

demnification pursuant to Section 5 of the subcontract, which reads as follows:

Liability and Indemnity Insurance ·

... 5. The Subcontractor shall indemnify and save harmless Contractor and Owner from any and all claims and liabilities for property damage and personal injury, including death, arising out of or resulting from or in connection with the execution of the work.[3]

Grunley and Conway filed cross-motions for summary judgment. The trial judge initially denied both motions, reasoning that

whether the indemnity provision includes a duty to indemnify the general contractor against liability arising from its own acts of negligence will depend upon the intentions of the part[ies], and evidence thereof in that regard. The language of the subject provision is sufficiently broad/sweeping to make the question unresolvable as a matter of law without evidence as to the intentions of the parties.

(Citations omitted).

Conway then renewed its motion for summary judgment. Conway explained that the indemnification provision had not been discussed by the parties prior to the making of the subcontract, and that consequently no extrinsic evidence could be presented regarding the parties' intentions with respect to that provision. Conway argued, and Grunley agreed, that the court should therefore be guided solely by the language of the subcontract.

In a second order dated September 8, 1994, the trial judge granted Conway's motion for summary judgment. She concluded that

the language of the indemnity provision does not provide for indemnity under circumstances where defendant/third party plaintiff Grunley is found to be negligent or concurrently negligent. Absent express language that liability for its own negligence is shifted to the subcontractor, or

evidence of the intention of the parties to the contrary, the language at issue cannot be stretched so as to absolve Grunley in the manner sought.

(Citation omitted). This appeal followed.

## II.

While this appeal was pending, another division of this court held in *W.M. Schlosser Co. v. Maryland Drywall Co.*, 673 A.2d 647, 652–54 (D.C. 1996), that an indemnification agreement substantially identical to the one presently before us "was sufficiently comprehensive ... to include indemnification for damages resulting from the negligence of [the contractor]." 673 A.2d at 654. We invited the parties to file supplemental memoranda in light of the decision in *Schlosser*. Conway now asks us to reject *Schlosser* as incorrectly decided, but a division of this court is not free to do so. *M.A.P. v. Ryan*, 285 A.2d 310 (D.C.1971). Accordingly, we reverse the judgment of the trial court and remand the case with directions to enter judgment in favor of Grunley.

*So ordered.*

Separate statement by REID, Associate Judge, with whom FERREN, Associate Judge joins:

As Judge Schwelb points out, this panel is compelled to reach the result it does because of *M.A.P. v. Ryan*, 285 A.2d 310 (D.C.1971). Were we free to do so, I would reach a different result on the record before us, based in part upon *Moses–Ecco Co. v. Roscoe–Ajax Corp.*, 115 U.S.App. D.C. 366, 320 F.2d 685 (1963) and *Rivers & Bryan, Inc. v. HBE*, 628 A.2d 631 (D.C.1993).

---

3. The third-party complaint originally contained a second claim for common law indemnification or contribution based, *inter alia*, on Conway's alleged "fail[ure] to provide a safe work environment for its employee." Grunley voluntarily dismissed the second count by praecipe dated August 30, 1993.